## WINSTON v. MILLER.

Although the statute of 1824, provides that the postmaster's certificate shall be evidence of depositions being lodged by one of the commissioners in the post office for transmission by mail, yet this fact may be proved by the oath of the commissioner in Court.

ON the trial of this cause in Franklin County Court, Miller, who was plaintiff below, produced the depositions of some witnesses taken by him on the 30th July, 1825; and offered to prove by one Wood, one of the Commissioners who had taken the depositions, that he and one

Bruce, a justice, and also one of the commissioners, had taken the depositions in Florence; that they had sealed them up in an envelope with three seals, and written their names across the seals; that he himself, on the day they were taken, had handed them to the postmaster at the post office at Florence, in Lauderdale county, so sealed, and directed to the Clerk of the Court at Russelville; and that the depositions were the same. The defendant, Winston, objected to the introduction of the witness to prove those facts, and to the reading of the depositions after the proof was so made, on the ground, that when transmitted by mail, parol evidence was inadmissible to establish the fact, which by the statute was required to appear by the certificate of the postmaster; that is, that the depositions were received by him from one of the commissioners, setting forth his name; which objection's were overruled by the Court. This is assigned here by Winston as error.

KELLY and HUTCHINSON, for the plaintiff in error.

MARTIN, for the defendant.

## By JUDGE WHITE.

THE only question raised in the case is, whether the Court below erred in permitting one of the commissioners to prove, that a deposition taken in a neighboring county, under the act of 1824, [a] had been delivered sealed, &c. to the postmaster for transmission as the law directs. It is contended, that the act requires the postmaster himself to certify that fact; and that as it is a statutory regulation, no other proof could legally have been admitted. We are of a different opinion. It is true, that as the method of procuring testimony by deposition is given by statute, all the essential steps prescribed to bring the parties resorting to this mode within its provisions, should appear to have been taken. But it would be an unwarrantable extension of this principle to apply it to the case under consideration. It is clear, that the oath of the commissioner was, in its nature, better evidence of the fact, that the depositions were duly sealed and delivered to the postmaster, than the mere certificate of that officer could have been. The statute admits such certificate, though not upon oath, for the convenience of the parties and the facilities of justice. But at the same time, as we

*Margin notes:* JULY 1828. Winston v. Miller. [a] Acts 1824, p. 6.

conceive, it by no means excludes other evidence, and especially better evidence of the same fact. A Court must, and would be even better satisfied that depositions had been transmitted without alteration or interlineation, when it was proven by one of the commissioners who had taken them, that he had delivered them sealed at the post office, than when that fact appeared by the postmaster's certificate alone. There would be no danger of his being deceived as to the identity, and if the party taking the deposition chooses to forego a convenience allowed him by the statute, or if by accident the postmaster fails to make the certificate, the other party ought not to object that the fact of the depositions having been sealed, &c. was more satisfactorily shewn by other evidence. Let the judgement be affirmed.